No. 21-50327

In the United States Court of Appeals
For the Fifth Circuit

DEFENSE DISTRIBUTED; SECOND AMENDMENT FOUNDATION,
INCORPORATED,

    Plaintiffs - Appellants

v.

GURBIR S. GREWAL, Attorney General of New Jersey, in his official and
individual capacities,

    Defendant - Appellee

Appeal from the United States District Court for the
Western District of Texas, Austin Division; No. 1:18-CV-637

**Appellants' Reply in Support of
Appellants' Motion for a Preliminary Injunction**

| | |
|---|---|
| Clark Hill PLC | Beck Redden LLP |
| Matthew A Goldstein | Chad Flores |
| 1001 Pennsylvania Avenue Northwest | Daniel Nightingale |
| Suite 1300 South | Hannah Roblyer |
| Washington, DC 20004 | 1221 McKinney Street |
| (202) 550-0040 | Suite 4500 |
| | Houston, Texas 77010 |
| Josh Blackman LLC | (713) 951-3700 |
| Josh Blackman | |
| 1301 San Jacinto Street | |
| Houston, Texas 77002 | |
| (202) 294-9003 | |

# TABLE OF CONTENTS

                                                                                                                      **Page**

TABLE OF CONTENTS ............................................................................................ i

TABLE OF AUTHORITIES ..................................................................................... ii

ARGUMENT ............................................................................................................ 1

    I.     The Court has jurisdiction. ...................................................................... 1

          A.    Appellate and/or mandamus jurisdiction exists. ........................ 1

          C.    Personal jurisdiction exists. ....................................................... 2

    II.    Yet another injunction request below was not required. ....................... 3

          A.    Plaintiffs sought their injunction at every available opportunity. ................................................................................ 3

          B.    This is not an "ordinary" Rule 8 case ........................................ 6

    III.   The injunction test has been met. ............................................................ 6

          A.    Success on the ultimate merits is likely. ................................... 6

          B.    Irreparable harm is occurring every day. .................................. 7

          C.    No more factual development is needed. ................................ 10

CERTIFICATE OF SERVICE ............................................................................... 12

CERTIFICATE OF COMPLIANCE ...................................................................... 13

# TABLE OF AUTHORITIES

**Case**   **Page(s)**

*Bristol-Myers Squibb Co. v. Super. Ct. of Calif., San Francisco Cty.*,
  137 S. Ct. 1773 (2017) .................................................................................. 3

*Def. Distributed v. Attorney Gen. of New Jersey*,
  972 F.3d 193 (3d Cir. 2020) ......................................................................... 4

*Defense Distributed v. Grewal*,
  971 F.3d 485 (5th Cir. 2020), ............................................................... *passim*

*Elrod v. Burns*,
  427 U.S. 347, 373 (1976) .............................................................................. 9

*In re 1994 Exxon Chem. Fire*,
  558 F.3d 378 (5th Cir. 2009) ...................................................................... 10

*Griggs v. Provident Consumer Disc. Co.*,
  459 U.S. 56 (1982). ....................................................................................... 1

*Opulent Life Church v. City of Holly Springs, Miss.*,
  697 F.3d 279 (5th Cir. 2012) ........................................................................ 8

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
  572 U.S. 663 (2014) ...................................................................................... 8

*Nat'l R.R. Passenger Corp. v. Morgan*,
  536 U.S. 101 (2002) ...................................................................................... 8

*In re Red Barn Motors, Inc.*,
  794 F.3d 481, 483 (5th Cir. 2015) ................................................................. 1

*Ruiz v. Estelle*,
  650 F.2d 555, 567 (5th Cir. 1981) ................................................................. 6

**Statutes & Rules**

Fed. R. App. P. 8 .................................................................................................. 3

5th Cir. I.O.P. 35 ................................................................................................. 5

**Other Authorities**

Charles A. Wright & Arthur R. Miller et al.,
    Federal Practice & Procedure (3d ed. West 2021). ......................................... 1, 8

# ARGUMENT

I. **The Court has jurisdiction.**

    A. **Appellate and/or mandamus jurisdiction exists.**

The Brief of Appellants shows both that the district court's severance and transfer decision is appealable by virtue of the collateral order doctrine *and* that the Plaintiffs are invoking this Court's mandamus jurisdiction to the extent necessary. Br. of Appellants at 1-2. Importantly, the district court below retains jurisdiction over the action's remaining claims against the State Department and will eventually enter a final judgment that is appealable here. As such, this case *is* "within [this Court's] appellate jurisdiction although no appeal has been perfected." *In re Red Barn Motors, Inc.*, 794 F.3d 481, 483 (5th Cir. 2015) (cited by the response at 7).

Grewal says that whatever circuit jurisdiction there is exists only in the Third Circuit. Resp. at 1. But this flatly contradicts the correct jurisdictional rule:

> If the transfer was made from a district in one circuit to a district in another, only the court of appeals in the circuit of the transferor can review the decision. In other words, the court of appeals in the circuit of the transferee court cannot review the action of the transferor court.

15 Charles A. Wright & Arthur R. Miller et. al., Federal Practice & Procedure: Jurisdiction & Related Matters § 3855 (4th ed. West 2021). By filing the notice of appeal *before* the court in New Jersey did anything to this case, ROA.2478, Plaintiffs vested this Court with jurisdiction that could not have been ousted by further actions below. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

1

### C. Personal jurisdiction exists.

#### 1. Jurisdiction over claims about Grewal's civil censorship is unchallenged.

The response's argument about personal jurisdiction is fatally incomplete because it speaks only about Grewal's *criminal* censorship. It says nothing about the claims regarding Grewal's *civil* censorship. Yet the claims regarding Grewal's civil censorship have been squarely presented all along, and the prior appeal undoubtedly held that Grewal can be sued for them in Texas. So even if there were jurisdictional problems as to the speech crime (there are not), the Court should still issue the requested relief as to the claims regarding Grewal's civil censorship.

#### 2. Personal jurisdiction over claims about Grewal's criminal censorship exists.

The holding of *Defense Distributed v. Grewal*, 971 F.3d 485 (5th Cir. 2020), is that Grewal is subject to personal jurisdiction in Texas for all of the case's claims—including both the claims regarding *civil* censorship *and* the claims regarding *criminal* censorship. If Grewal's contrary view were correct, the decision would have to have been reversed *in part and affirmed in part*. But his loss was a total loss: "The judgment of the district court is **REVERSED** and the case is **REMANDED** for further proceedings." *Id. at* 497 (5th Cir. 2020); *see also id.* at 489 (removing any doubt, the statement of facts defines the "relevant" claims to include those about the speech crime).

Additionally, Grewal's denial of personal jurisdiction over the speech crime is wrong on the merits. Given that Texas has personal jurisdiction over Grewal for the claims regarding civil censorship, personal jurisdiction over him for the claims regarding criminal censorship exists because they "relate to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Super. Ct. of Calif., San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017). For as the Court has already concluded, Grewal's criminal censorship is not distinct from his national efforts. It is one part of the same overall scheme to "crush Defense Distributed's operations and not simply limit the dissemination of digital files in New Jersey." *Defense Distributed*, 971 F.3d at 493.

## II. Yet another injunction request below was not required.

### A. Plaintiffs sought their injunction at every available opportunity.

In an "ordinary" case, Rule 8 requires a party seeking "an injunction while an appeal is pending" to "move first in the district court." Fed. R. App. P. 8(a)(1)(C). Assuming that this is an "ordinary" case, that requirement has been easily satisfied because the Plaintiffs have moved first in every district court at issue.

With utmost diligence, Plaintiffs' have chased Grewal from one court to another and another and another, all in an effort to enjoin the same unconstitutional censorship. In each court they have asked for the same relief they seek here, and in each court Grewal opposed with procedural gamesmanship. Whenever this case was in Texas, Grewal argued that an injunction request had to be decided in New Jersey;

3

and whenever the case was in New Jersey, Grewal said that an injunction request had to be decided in Texas. When the request was last posed to this Court, Grewal pulled the plug on his own petition for rehearing just to avoid a ruling. At every step along the way, Plaintiffs "moved first" for the same injunction that they now seek.

Plaintiffs started the litigation diligently by suing Grewal in Texas in July 2018. ROA.29. They filed the original complaint just *one day* after the beginning of Grewal's civil censorship efforts, ROA.42-43, and as soon as Grewal started wielding the speech crime (November 2018), Plaintiffs tried repeatedly to obtain injunctive relief against both the civil and criminal censorship efforts. They did so by asking for a temporary restraining order in November 2018, ROA.355, which was denied, ROA.434. The also did so by asking for a temporary restraining order in December 2018, ROA.1312, which was denied, ROA1363. And they also did so by asking for a preliminary injunction in December 2018, ROA.1327, which was denied, ROA.1748.

Plaintiffs then asked both the District of New Jersey and Third Circuit for the injunction that is requested here. Their motion for a preliminary injunction in the district court was filed six days after the case in Texas had been dismissed, and was denied; and when appealing to the Third Circuit they sought an injunction pending appeal and were denied again. *See Def. Distributed v. Attorney Gen. of New Jersey*, 972 F.3d 193 (3d Cir. 2020) (filings at Exs. F, G, H).

4

Next, Plaintiffs asked this Court for the injunction that is now being requested. They did so in the *aftermath* of *Defense Distributed v. Grewal*, 971 F.3d 485 (5th Cir. 2020), and not during that appeal's *inception* because at inception their request to the Third Circuit was still being litigated. But by the time this Court issued the panel decision, the Third Circuit proceedings were over and the injunction coast was clear. So when Grewal decided to seek rehearing en banc, Plaintiffs asked this Court to issue the exact same injunction they now ask for. But Grewal was so afraid of having the Court rule on this injunction request that he rescinded his own petition for rehearing en banc. *Cf.* 5th Cir. I.O.P. 35 ("Petitions for rehearing en banc are the most abused prerogative of appellate advocates in the Fifth Circuit.").

Back in the Western District of Texas, the complaint was amended to reflect the last several years' happenings, ROA.1853,[1] at which point Grewal sought and obtained the severance and trasfer decision now under review, ROA.1999 (motion); ROA.2461 (order).[2] At this point, the Rule 8 requirement to "move first" in the district court had already been satisfied both as to the Western District of Texas and as to the District of New Jersey.

---

[1] To be clear, Plaintiffs' claims about Grewal's speech crime were squarely presented in the original appeal because Plaintiffs had validly put them at issue with the motion for a preliminary injunction itself. *See* ROA.1332 n.1.
[2] Also distracting the Plaintiffs' efforts at this time was fallout from the second of two critical Ninth Circuit cases that Grewal brought in an to alter federal speech permissions for the computer files at issue. *See infra* Part II.B.

### B. This is not an "ordinary" Rule 8 case

The second reason Grewal's Rule 8 argument is wrong is that this is no "ordinary" case. It is an extraordinary case to which Rule 8's move-first-below requirement does not apply. In this Circuit, parties need *not* move first in a district court where doing so is inequitable or impracticable. That has been the rule as far back as *Ruiz v. Estelle*, 650 F.2d 555, 567 (5th Cir. 1981), and it remains the rule today. Moving yet again in a district court would be impracticable because of the delay that involves—every day of delay entails another day of irreparable harm—and would do no good because the result is already known. Both district courts have had a chance to afford the requested relief, and both have already denied it. More importantly, requiring the Plaintiffs to move again in a district court is inequitable because Grewal's gamesmanship forfeits his right to demand yet another turn. *See infra* Part III.C.

## III. The injunction test has been met.

### A. Success on the ultimate merits is likely.

Grewal argues that the likelihood-of-success factor disfavors the requested injunction because Plaintiffs lack a likelihood of success for the appeal regarding the severance and transfer decision. Resp. 2-3. But the Brief of Appellants shows why the Plaintiffs are likely to succeed in overturning the district court's severance and transfer decision. More importantly, Grewal uses the wrong measure of success.

The relevant success for this motion is Plaintiffs' likelihood of success as to the case's *ultimate merits—i.e.*, whether Plaintiffs will obtain the final judgment they seek. The relevant "success" is *not* (as Grewal says) success as to the case's *preliminary procedure—i.e.*, which court will issue the judgment the Plaintiffs seek.

Grewal's view would make sense only if the sought-after injunction paralleled the relief sought in the appeal (as in all of his cited cases). But Plaintiffs' requested injunction is a different species. This Court is *not* being asked to enjoin anything about the interlocutory transfer or severance rulings below. It is being asked to give a temporary dose of the ultimate relief—an injunction against Grewal's ongoing censorship—that Plaintiffs will be entitled to in this action *no matter where it ends up*. What matters for that relief is success on the underlying claims' merits, which the motion shows is likely with Supreme Court precedent governing all circuits.

**B.     Irreparable harm is occurring every day.**

Grewal argues that the irreparable harm factor is unmet because of how long it took Defense Distributed to file the instant motion. This delay argument is a disguised laches argument—disguised because Grewal knows its elements are absent—and it is wrong for three independent reasons.

First, Grewal's delay argument is wrong because of precedent. The irreparable harms being inflicted on Plaintiffs are First Amendment violations, and the longstanding rule Grewal does not dare challenge is that all First Amendment

7

violations "unquestionably constitute[] irreparable injury." *Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 295 (5th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality op.)). Decision timing does not change this. Both short- and long-lived censorship should be enjoined because the "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod*, 427 U.S. at 373.

Setting aside all of that precedent, Grewal's delay argument can succeed only if it meets the test for what it really is, which is a laches defense. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 678 (2014); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002). Laches requires both (1) lack of diligence, and (2) prejudice to the party opposing the relief. *Id.* Neither exist here.

Lack of prejudice is the simplest ground for decision because Grewal does not even try to establish prejudice, and rightly so. State officials like Grewal have no legally-protected interest whatsoever in avoiding judicial scrutiny of their actions. Perhaps Grewal is thankful that courts have let him injure the Plaintiffs for so long without testing his actions' legality. But once such unconstitutional action is revealed and injunctive relief requested, courts are bound to halt it no matter how long the state official had escaped scrutiny already. Censorship never earns tenure.

The third reason to reject Grewal's delay argument is due diligence. Laches requires a failure of due diligence, *see id.*, and Grewal says that the motion's timing establishes a lack of due diligence. But a full view of the procedural posture shows that Plaintiffs have been completely diligent, and that any delays are completely excusable responses to Grewal's constant gamesmanship. *See supra* Part.IIA.

Grewal—not the Plaintiffs—is to blame for the supposed delays at issue in 2020 and 2021. *See* Resp. at 12. Far from slumbering on their rights then, Plaintiffs spent that time fighting against Grewal's separate efforts of gamesmanship in the Ninth Circuit. This was the litigation that began on July 30, 2018—one day *after* Plaintiffs sued Grewal in Texas—when Grewal sued the Plaintiffs and State Department in the Western District of Washington, seeking to censor the Plaintiffs by altering federal speech protections. *See* Br. of Appellants at 15-19. That litigation never should have been brought in the first place, and the Ninth Circuit eventually agreed. In July 2020, the Ninth Circuit held that the first of Grewal's two Washington actions was moot; and in April 2021, the Ninth Circuit held that the second of Grewal's Washington action's was void for lack of standing. *Id.*; *see* ROA.3938 (Plaintiffs litigating related issues below). But for this erroneous foray, which wasted massive amounts of the Plaintiffs time and litigating resources, Plaintiffs would have prosecuted the instant action even more quickly than they did.

### C. No more factual development is needed.

Grewal's point about insufficient factual development, Resp. at 14, is wrong because he received a full opportunity to do just that with his response to Plaintiffs' motion for a preliminary injunction below. *See* ROA.1627. Yet when given a full and fair opportunity to do so, he gave no proof at all. He opted instead to bank his injunction opposition on a personal jurisdiction argument the Court has already rejected and matter-of-law arguments that it can determine in the first instance. *Id.*

At most, the more-factual-development complaint only weakens Plaintiffs' request for a full-on preliminary injunction lasting until the case's final judgment. It does *not* weaken the alternative request for an injunction pending appeal because that would last just a matter of months. This is especially so because content-based censorship is at issue, which means that Grewal's conduct is presumptively unconstitutional and he bears the burden of proof. S*ee* Mot. at 11-14.

Here again, Grewal's gamesmanship is key. If the Plaintiffs had asked this Court for an injunction pending appeal at the prior appeal's inception, the cleaner procedural posture would invalidate every single one of Grewal's evidentiary quibbles, including the demand for yet another shot at evidentiary development. Under the required "honest assessment of the history of this case," *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 398 (5th Cir. 2009), Grewal cannot claim to have been hurt by the consequences of a procedural runaround that he alone is to blame for.

## CONCLUSION

The Court should exercise jurisdiction over the motion and grant it. If doubts exist as to either jurisdiction for the motion or the motion's merits, the Court should receive supplement briefing on matters of concern before issuing a ruling.

June 21, 2021                                                    Respectfully submitted,

Clark Hill PLC                                                   Beck Redden LLP
Matthew A Goldstein                                              /s/ Chad Flores
1001 Pennsylvania Avenue Northwest                               Chad Flores
Suite 1300 South                                                 Daniel Nightingale
Washington, DC 20004                                             Hannah Roblyer
(202) 550-0040                                                   1221 McKinney Street
                                                                 Suite 4500
Josh Blackman LLC                                                Houston, Texas 77010
Josh Blackman                                                    (713) 951-3700
1301 San Jacinto Street
Houston, Texas 77002
(202) 294-9003

Attorneys for Plaintiffs – Appellants
Defense Distributed and Second Amendment Foundation, Inc.

# CERTIFICATE OF SERVICE

On June 21, 2021, an electronic copy of the foregoing brief was filed with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system, and that service will be accomplished by the appellate CM/ECF system to the following:

Alexander Hardimaney
alexander.hardiman@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman, L.L.P.
31 W. 52nd Street
New York, NY 10019

Ronald Casey Low
casey.low@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman, L.L.P.
401 Congress Avenue
Austin, TX 78701

Angela Cai
angela.cai@njoag.gov
New Jersey Attorney General's Office
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 106
Trenton, NJ 08625

/s/ *Chad Flores*
Chad Flores

## CERTIFICATE OF COMPLIANCE

This filing complies with the type-volume limitation of Federal Rule of Appellate Procedure 27 because it contains 2,534 not-exempted words.

This filing complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 32 and Fifth Circuit Rule 32 because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14 point font.

/s/ *Chad Flores*
Chad Flores